UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LUIGI JAQUEZ,,

             Plaintiff,

    - against -

THE CITY OF NEW YORK, EDWARD GARCIA,
JAMES WHITE, ALAN NARVAEZ, DAVID
SALVADOR, BETZAYDA FRATICELLI, and
RONALD SMITH,

             Defendants
----------------------------------------------------------------x

11CV2835(RMB)

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Luigi Jaquez by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

2. Luigi Jaquez is a citizen of the United States who was lawfully present outside of 184 Nagle Street, New York, New York, on January 21, 2009, when he was arrested by defendant Edward Garcia, a New York City police officer, and other police officers employed by defendant The City of New York, on a false criminal charge of Criminally Using Drug Paraphernalia in the Second Degree and held in custody until the following day, and prosecuted on a false criminal charge of Criminally Using Drug Paraphernalia in the Second Degree. The false charge against plaintiff Luigi Jaquez was dismissed on April 15, 2009.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Edward Garcia, James White, Alan Narvaez, David Salvador, Betzayda Fraticelli, and Ronald Smith can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Luigi Jaquez is a citizen of the United States who resides in the County of New York, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Edward Garcia is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Edward Garcia was acting within the scope of his employment by defendant The City of New York.

11. Defendant James White is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant James White was acting within the scope of his employment by defendant The City of New York.

13. Defendant Alan Narvaez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Alan Narvaez was acting within the scope of his employment by defendant The City of New York.

15. Defendant David Salvador is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant David Salvador was acting within the scope of his employment by defendant The City of New York.

17. Defendant Betzayda Fraticelli is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

18. At all times relevant herein, defendant Betzayda Fraticelli was acting within the scope of his employment by defendant The City of New York.

19. Defendant Ronald Smith is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

20. At all times relevant herein, defendant Ronald Smith was acting within the scope of his employment by defendant The City of New York.

## STATEMENT OF CLAIMS

21. Plaintiff incorporates by reference paragraphs 1 through 21 of this complaint as though the same were set forth fully herein.

22. On January 21, 2009, at approximately 8:45 p.m., plaintiff Luigi Jaquez was lawfully present outside 184 Nagle Street, in the County of New York, City and State of New York.

23. On January 21, 2009, outside 184 Nagle Street, in the County of New York, City and State of New York, defendants Edward Garcia, James White, Alan Narvaez, David Salvador, Betzayda Fraticelli, and Ronald Smith seized plaintiff Luigi Jaquez.

24. On January 21, 2009, outside 184 Nagle Street, in the County of New York, City and State of New York, one of the individual defendants searched plaintiff Luigi Jaquez.

25. Defendant Edward Garcia and/or one of the other individual defendants thereupon arrested plaintiff Luigi Jaquez on a charge of Criminally Using Drug Paraphernalia in the Second Degree.

26. Plaintiff Luigi Jaquez had not used and was not using drug paraphernalia.

27. Upon arresting plaintiff Luigi Jaquez, either defendant Edward Garcia or one of the other individual defendants handcuffed him and placed him in a police vehicle.

28. Plaintiff Luigi Jaquez was transported to a police precinct, where he was imprisoned for a period of time, and then was transported to the Manhattan Criminal Court Building at 100 Centre Street, New York, New York, where he continued to be imprisoned.

29. On information and belief, on January 21, 2009, defendant Edward Garcia falsely informed an Assistant District Attorney in the office of the New York County District Attorney that plaintiff Luigi Jaquez had used drug paraphernalia.

30. On January 21, 2009, defendant Edward Garcia commenced a criminal proceeding against plaintiff Luigi Jaquez in the Criminal Court of the City of New York, County of New York, accusing the plaintiff of the crime of Criminally Using Drug Paraphernalia in the Second Degree.

31. On January 22, 2009, plaintiff Luigi Jaquez was arraigned before a judge of the Criminal Court of the City of New York, County of New York, and was released on his own recognizance.

32. On April 15, 2009, the criminal charge brought by defendant Edward Garcia against plaintiff Luigi Jaquez was dismissed.

### COUNT I

33. Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as though the same were set forth fully herein.

34. The seizure, arrest, detention, and imprisonment of plaintiff Luigi Jaquez by defendants Edward Garcia, James White, Alan Narvaez, David Salvador, Betzayda Fraticelli, and Ronald Smith was made without any warrant or other legal process directing or authorizing his seizure, arrest, detention, or imprisonment.

35. The seizure, arrest, detention, and imprisonment of plaintiff Luigi Jaquez was made without probable cause to believe that he had committed a crime or offense.

36. The charge upon which defendants Edward Garcia, James White, Alan Narvaez, David Salvador, Betzayda Fraticelli, and Ronald Smith arrested plaintiff Luigi Jaquez was false.

37. The charge was made by defendants Edward Garcia, James White, Alan Narvaez, David Salvador, Betzayda Fraticelli, and Ronald Smith against plaintiff Luigi Jaquez with knowledge that it was false.

38. Plaintiff Luigi Jaquez was aware of his seizure, arrest and detention by defendant Edward Garcia and other police officers employed by defendant The City of New York.

39. Plaintiff Luigi Jaquez did not consent to his seizure, arrest, search, detention or imprisonment.

40. As a result of the foregoing, plaintiff Luigi Jaquez was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

41. The seizure, detention, arrest and imprisonment of plaintiff Luigi Jaquez deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

42. Defendants Edward Garcia, James White, Alan Narvaez, David Salvador, Betzayda Fraticelli, and Ronald Smith were acting under color of state law when they seized, detained, searched, arrested and imprisoned plaintiff Luigi Jaquez.

43. Defendants Edward Garcia, James White, Alan Narvaez, David Salvador, Betzayda Fraticelli, and Ronald Smith deprived plaintiff Luigi Jaquez of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, searching, arresting, and imprisoning plaintiff Luigi Jaquez on a false criminal charge.

## COUNT II

44. Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint as though the same were set forth fully herein.

45. The criminal charge brought by defendant Edward Garcia against plaintiff Luigi Jaquez in the Criminal Court of the City of New York, County of New York, was false.

46. The criminal proceeding commenced by defendant Edward Garcia against plaintiff Luigi Jaquez in the Criminal Court of the City of New York, County of New York, was instituted by this defendant with knowledge that the charge was false.

47. Defendant Edward Garcia was acting with malice when he commenced the criminal proceeding against plaintiff Luigi Jaquez.

48. The criminal proceeding instituted by defendant Edward Garcia against plaintiff Luigi Jaquez in the Criminal Court of the City of New York, County of New York, was terminated in plaintiff Luigi Jaquez' favor.

49. Defendant Edward Garcia was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the New York County District Attorney that plaintiff Luigi Jaquez had used drug paraphernalia.

50. Defendant Edward Garcia was acting under color of state law when he commenced a criminal proceeding against plaintiff Luigi Jaquez in the Criminal Court of the City of New York, County of New York.

51. Defendant Edward Garcia deprived plaintiff Luigi Jaquez of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Luigi Jaquez on a false criminal charge.

## COUNT III

52. Plaintiffs incorporate by reference paragraphs 1 through 51 of this Complaint as though the same were set forth fully herein.

53. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

54. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

55. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

56. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual for possession of a controlled substance not found on his or her person;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests for possession of a controlled substance or use

of drug paraphernalia;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

57. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

58. The arrest, imprisonment and prosecution of plaintiff Luigi Jaquez on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

59. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

60. Defendant The City of New York deprived plaintiff Luigi Jaquez of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for warrantless arrests and the standards of probable cause.

61. The aforesaid conduct of defendant The City of New York violated plaintiff Luigi Jaquez' rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

### COUNT IV

62. Plaintiffs incorporate by reference paragraphs 1 through 61 of this Complaint as though the same were set forth fully herein.

63. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Edward Garcia, James White, Alan Narvaez, David Salvador, Betzayda Fraticelli, and Ronald Smith are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

64. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

65. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

66. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

67. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Luigi Jaquez would be

violated.

68. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Luigi Jaquez.

69. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

70. Defendant The City of New York deprived plaintiff Luigi Jaquez of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Luigi Jaquez compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Luigi Jaquez punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
     April 26, 2011

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
Steven Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880